[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTIONS TO COMPEL ANSWER TO INTERROGATORY AND FOR OTHER RELIEF
In the latest disagreement between the parties in the above-captioned cases concerning compliance with discovery motions, the plaintiffs seek to compel the defendants to identify the author of a document that contains information concerning an outbreak of methicillin resistant staphylococcus aureus ("MRSA") at Bridgeport Hospital during a time when CT Page 1466 the plaintiffs were surgical patients.
In response to a request for production of documents, the defendants produced a document titled "Outbreak Investigation — Sternal Wound Infections Following CAGB Procedures." In each set of interrogatories dated January 27, 2000, the plaintiffs included the following interrogatory:
 39. Please identify the author of the document entitled "Outbreak Investigation Sternal [W]ound Infections Following CAGB Procedures (privilege lot #21), including in your answer the following: (a) the identity of the individual(s) whose opinion (sic) were the basis for the conclusions regarding the causes of the outbreak of MRSA infection identified in that document.
In responses dated March 24, 2000, the defendants responded: "Donna Pallier, R.N., Infection Control members, members of subcommittee, surgeons and Department of Health."
The plaintiffs have represented that Ms. Pallier has denied being an author of the document, and that other deponents who are within the groups designated in the response have likewise denied authorship.
Through supplemental answers dated December 29, 2000, the defendants amended their answer to Interrogatory 39 as follows: "The author of the document is unknown at this time. The defendants will continue to endeavor to determine the author of the document."
Practice Book § 13-7 provides that interrogatories "shall be answered under oath by the party to whom directed . . ." The supplemental answers have not been sworn to by an person identifying himself or herself as the representative of the defendants, but are signed only by counsel.
These cases have long been scheduled for trial to commence on May 15, 2001.
The supplemental answers are deficient because they are not a sworn response as required by P.B. § 13-7. The responses postpone to an unspecified date the defendants' compliance, in cases that should be being readied for trial. The plaintiffs seek as a sanction to depose defendants' counsel to ask where they obtained the document.
Practice Book § 13-14 provides that upon finding noncompliance with CT Page 1467 a discovery request, the court may make "such order as the ends of justice require," including, but not limited to, an order that designated facts be taken to be established for the purposes of the action, default, and the costs of pursuing compliance by motion.
The court is reluctant to impose a sanction not sought by the movants, who seek only to ask the attorney that produced the document from whom it was obtained. Defendants' counsel objects that this sanction would violate the attorney-client privilege. That privilege protects only confidential communications between a client and counsel. Olson v.Accessory Controls Equipment Corp., 254 Conn. 145, 158 (2000); Ullmannv. State, 230 Conn. 698, 711, 713 (1994). The source of a document gathered in connection with compliance with a discovery motion is not a confidential communication.
The defendants' responses to the plaintiffs' motions for compliance amount to an attempt to delay compliance to some chosen time. The defendants have asserted that "the author of this document is currently unknown," suggesting that at some other time they may determine authorship and divulge it, perhaps when the plaintiffs have no reasonable prospect of deposing the persons identified. The rules of practice that relate to discovery countenance no such games. The court finds that the defendants have failed to comply with Interrogatory 39 either in the form or the substance of their responses.
Conclusion
The motion to compel is granted. Unless the defendants identify the author(s) of the document under oath by February 2, 2001, in the manner required by Practice Book § 13-7, the attorney who obtained the document at issue for production shall be identified by that date and shall make himself or herself available for deposition concerning the identity of person(s) who supplied it by February 16, 2001, or such later date as is set by plaintiffs' counsel.
Beverly J. Hodgson Judge of the Superior Court